IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                          CRIMINAL NO. 4:21CR00012-DMB-JMV

ELIJAH RAYMOND ENGRAM

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**

Comes now the United States of America, by and through the Acting United States Attorney for the Northern District of Mississippi, and in response to Defendant's Motion to Suppress Evidence and Statements (Doc. #19), would respectfully show unto the Court the following, to wit:

**Factual Background**

On December 9, 2019, Sergeant Lonnie McClinton, a Task Force Officer for the Federal Bureau of Investigation working out of the Greenville Police Department, swore an affidavit to obtain a "no-knock" search warrant from Municipal Court Judge in Greenville, Mississippi. The warrant authorized the search of a residence and vehicle located at 212 North 7th Street in Greenville.

The search warrant detailed the residence and vehicle of James E. Redmond and provided a specific list related to what items were to be seized during the search, naming controlled substances and evidence related to the sale of controlled substances, including handguns.[1] Sergeant McClinton detailed his background in law enforcement and specific experience as a

---

[1] The Search Warrant and the Statement of Probable Cause submitted in support of the Warrant are filed as exhibit #1 to Defendant's motion. Doc. #19-1.

narcotics investigator before providing the facts constituting probable cause that the residence and vehicle contained evidence of the crimes of conspiracy and distribution of powder cocaine.

Sergeant McClinton presented in his statement of probable cause supporting the warrant that Redmond had recently sold illegal narcotics out of the residence to a "confidential reliable informant." According to the statement, this sale occurred after the informant was searched for money and contraband and while law enforcement continuously surveilled the informant. Investigators also independently surveilled the residence and observed Redmond in the driveway talking to another subject. The informant provided information that Redmond drove a gray colored Nissan Sentra and investigators observed this vehicle in the driveway. Sergeant McClinton's probable cause statement contemplated that other individuals in the home not yet identified by law enforcement were involved in the selling of illegal narcotics.

Based on the facts presented by Sergeant McClinton, the Municipal Court Judge issued a "no-knock" search warrant. The warrant was executed on December 10, 2019. During the search, investigators learned that Elijah Engram resided in a private bedroom in the 212 North 7th Street residence. In Engram's bedroom, investigators located what appeared to be a substance containing cocaine, items typically used in the distribution of controlled substances, and a Jimenez Arms .22 LR handgun. Engram has previously been convicted of felonies.

## Legal Analysis

The defendant challenging a search warrant has the burden to show by a preponderance of the evidence that the evidence was obtained in violation of his Fourth Amendment rights. *United States v. Robinson*, 943 F.2d 547, 548 (5th Cir. 1991). If a defendant is able to make a prima facie showing of illegality, the burden then shifts to the government to demonstrate why

evidence obtained in an illegal search and seizure should nonetheless be admitted. *United States v. Ellis*, 330 F.3d 677, 679 (5th Cir. 2003). "However, the burden of persuasion remains at times with the defendant." *Robinson*, 943 F.2d at 549 (citing *United States v. De la Fuente*, 548 F.2d 528, 533-34 (5th Cir. 1977)).

Further, even if the affidavit on which a search warrant was based is insufficient, evidence will be admitted in the prosecution's case-in-chief pursuant to the good-faith exception to the exclusionary rule established by the United States Supreme Court in *United States v. Leon*. 468 U.S. 897, 913 (1984). "In [*Leon*], the Supreme Court held that the Fourth Amendment does not require the suppression of evidence obtained as a result of objectively reasonably reliance on a warrant, even if the warrant is subsequently invalidated." *United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999) (citing *United States v. Leon*, 468 U.S. 897, 922 (1984)). To determine whether reliance was objectively reasonable, the Eighth Circuit has noted:

> The inquiry is whether a "'reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization.'" *Malley v. Briggs,* 475 U.S. 335, 345 (1986) (quoting *Leon,* 468 U.S. at 922 n. 2). The Court explained: In most such cases, there is no police illegality and thus nothing to deter. It is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment. In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination .... Penalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations.

*United States v. Scroggins*, 361 F.3d 1075, 1083 (8th Cir. 2004) (citing *Leon,* 468 U.S. at 920–21).

*Leon* established four circumstances that invalidate the good-faith exception:

(1) If the issuing judge was misled by information in an affidavit that the affiant knew was false or would have know except for reckless disregard of the truth;
(2) Where the issuing judge wholly abandoned his or her judicial role;
(3) Where the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and

> (4) Where the warrant is so facially deficient in failing to particularize the place to searched or the things to be seized that the executing officers cannot reasonably presume it to valid.

*Leon*, 468 U.S. at 914-15. Defendant relies on all but the final circumstance.

There is simply no evidence that any false information was presented in the affidavit serving to mislead the issuing judge. Despite Defendant's argument that Sergeant McClinton is precluded from relying on the warrant in good faith as its affiant, there is no blanket ruling to that effect in *United States v. Watson*, cited by the Defendant. 63 F. App'x 216 (6th Cir. 2003). In the Sixth Circuit's unpublished opinion, the affiant officer provided misleading information related to the informant's criminal record and relied on an unverified and unreliable informant with a revengeful motive to conduct a controlled buy where no search of the entire vehicle or the vehicle's passenger was performed and insufficient surveillance was maintained. The facts supporting Sergeant McClinton's affidavit are the reverse.

The second exception is also inapplicable in this case. Defendant represents that since January 2019, nine "no-knock" search warrants were applied for by the Greenville Police Department and were granted. Defendant claims this is sufficient proof of a pattern of rubber-stamping by the Municipal Court Judge. There is no evidence of these search warrants presented and there is not even a suggestion that the warrants lacked probable cause or were facially deficient. Nor is there any evidence that the Municipal Court Judge failed to consider the facts and circumstances of each prior to issuance.

The third exception is inapplicable after a review of the statement of probable cause provided in support of the search warrant. The affidavit contained details that the suspect in the residence was selling illegal drugs. The Defendant presents no evidence negating probable cause. Defendant's motion includes an argument that the confidential information in this case

4

was unreliable; however, the statement of probable cause contained details about the informant's history and success record providing past information.

Since the defendant has failed to show that an exception to the good-faith rule applies, the motion should be denied.

Additionally, however, the warrant should be deemed sufficient to meet the reasonable suspicion standard governing "no-knock" entry. Although the Supreme Court has "refused to adopt a blanket rule that police are never required to knock-and-announce when executing a warrant for a drug investigation, the Court admitted that the showing of reasonableness 'is not high.'" *United States v. Washington*, 340 F.3d 222, 226 (5th Cir. 2003) (quoting *Richards v. Wisconsin*, 520 U.S. 385, 394 (1997)). Law enforcement officers must have reasonable grounds to expect futility or that drugs could be readily destroyed or that announcing their presence would endanger their safety. *Id*.; *United States v. Banks*, 540 U.S. 31, 34 (2003).

The Fifth Circuit has determined safety concerns are valid even when the officer had no particularized knowledge the suspect was armed. *United States v. Rodea*, 102 F.3d 1401, 1408 (5th Cir. 1996). The *Rodea* Court acknowledged that "firearms are tools of the trade of those engaged in illegal drug activities." *Id*. (quoting *United States v. Ramos*, 71 F.3d 1150, 1158 n. 26 (5th Cir. 1995)). Similarly, the Fifth Circuit in *United States v. Howard* held that safety concerns were reasonable even without specific knowledge that the suspect was armed and dangerous based on the same understanding of the use of firearms in drug trafficking. 106 F.3d 70, 75 (5th Cir. 1997). In this case, the warrant itself contemplates this fact, describing items to be found at 212 North 7th Street to include "firearms which may be used to protect drugs, drug proceeds, and drug trafficking activities, including handguns, rifles, shotguns and automatic weapons." *See* Search Warrant, Doc. #19-1. Sergeant McClinton's inclusion of the "no-knock"

nature of the warrant in the application to the Municipal Court Judge instead of a determination in the field should weigh in the Government's favor if the Court determines the allowance of this entry was without basis. The Eighth Circuit has noted:

> "Although the standards [regarding "no-knock" entry] are the same regardless of whether the police visit a judge before or after they search, if they do so beforehand, and the judge is wrong, the police can rely upon the *Leon* good-faith exception. *United States v. Tisdale,* 195 F.3d 70, 72 (2d Cir.1999) ("[T]he issuance of a warrant with a no-knock provision potentially insulates the police against a subsequent finding that exigent circumstances, as defined by *Richards,* did not exist.").

*Scroggins*, 361 F.3d at 1082 (8th Cir. 2004). Even if this Court determines that exigent circumstances did not exist at the time of execution and that the Municipal Court Judge was incorrect in permitting a "no-knock" warrant, the officers relied in good faith that entry into the residence without knocking and announcing was authorized.

## Conclusion

The officers reasonably relied in good faith on the subject search warrant issued by a neutral magistrate and therefore, the evidence should not be suppressed. Defendant has failed to show that an exception to the good-faith rule is applicable. The Motion to Suppress should be denied.

Respectfully submitted, this, the 12th day of July, 2021.

                                            CLAY JOYNER
                                            Acting United States Attorney

                    By:    */s/ Julie Howell Addison*
                            JULIE HOWELL ADDISON
                            Assistant United States Attorney
                            Mississippi Bar No. 103573

**Certificate of Service**

  I, Julie Howell Addison, Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to:

  Merrill K. Nordstrom
  Assistant Federal Public Defender
  Merrill_nordstrom@fd.org

This, the 12th day of July, 2021.

                */s/ Julie Howell Addison*
                JULIE HOWELL ADDISON
                Assistant United States Attorney