IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 4:21-CR-12

ELIJAH RAYMOND ENGRAM

**ORDER**

Elijah Raymond Engram is charged with one count of cocaine possession with intent to distribute and one count of felony possession of a firearm. Doc. #1. On June 28, 2021, Engram filed a motion to suppress evidence and statements obtained through a no-knock search of his residence. Doc. #19. Engram argues that the affidavit supporting the no-knock search warrant was insufficient to support a no-knock entry. *Id*. at 4. This Court concludes that even if the affidavit could be deemed insufficient to justify a no-knock warrant, suppression would not be warranted.

"The Fourth Amendment incorporates the common-law principle that officers must knock and announce their identity and purpose before attempting forcible entry of a dwelling." *Bishop v. Arcuri*, 674 F.3d 456, 461 (5th Cir. 2012). This rule "has been [a] part of federal statutory law since 1917 and is codified at 18 U.S.C. § 3109." *United States v. Bruno*, 487 F.3d 304, 305 (5th Cir. 2007). However, in *Hudson v. Michigan*, 547 U.S. 586, 594 (2006), the United States Supreme Court "held that suppression is not the appropriate remedy for a violation of the constitutional knock-and-announce requirement." *Bruno*, 487 F.3d at 305. It is also not an appropriate remedy for violation of § 3109. *Id*. at 306–07 (collecting cases). Rather, "the key remedy for unjustified no-knock entries is an action under § 1983 for money damages." *United States v. White*, 990 F.3d 488, 493 (6th Cir. 2021) (citing *Hudson*); *see United States v. Briggs*, 347 F. App'x 750, 753 (3d Cir. 2009) ("[A]s to Briggs' claim that the agents that executed the

search warrant of his home violated the knock-and-announce rule, even assuming that they did so, suppression would not be appropriate.").

In contrast, the "exclusionary rule requires courts to suppress evidence seized on the basis of a warrant *that is unsupported by probable cause.*" *United States v. Pope*, 467 F.3d 912, 916 (5th Cir. 2006) (emphasis added). "Probable cause exists when there are reasonably trustworthy facts which, given the totality of the circumstances, are sufficient to lead a prudent person to believe that the items sought constitute fruits, instrumentalities, or evidence of a crime." *Kohler v. Englade*, 470 F.3d 1104, 1109 (5th Cir. 2006).

Notably, a challenge to whether an affidavit supported a no-knock warrant is *not* a challenge to the existence of probable cause for the warrant itself. *United States v. Rigaud*, 684 F.3d 169, 176 (1st Cir. 2012). Because Engram's motion challenges only the sufficiency of the no-knock portion of the warrant, rather than whether probable cause existed for the issuance of the warrant itself, the exclusionary rule does not apply. Accordingly, the motion to suppress [19] is **DENIED**.

**SO ORDERED**, this 22nd day of July, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**