IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                                         NO. 4:21-CR-12

ELIJAH RAYMOND ENGRAM

**ORDER**

Elijah Raymond Engram is charged with one count of cocaine possession with intent to distribute and one count of felony possession of a firearm. Doc. #1. On June 28, 2021, Engram filed a motion to suppress evidence and statements obtained through a no-knock search of his residence. Doc. #19. Engram argued that the affidavit supporting the no-knock search warrant was insufficient to support a no-knock entry. *Id*. at 4. This Court denied the motion because a violation of the Fourth Amendment's knock-and-announce requirement does not support application of the exclusionary rule and because Engram did not challenge the existence of probable cause for the warrant. *See* Doc. #28.

On August 9, 2021, Engram filed a motion for reconsideration. Doc. #29. Engram raises two general arguments: (1) his initial motion challenged "the basis" for the search warrant, not just the no-knock designation; and (2) because the officers in this case applied for a no-knock warrant, the absence of support for the no-knock designation rendered the warrant totally invalid because "[t]here was no option for this to be a regular search warrant; it was all or nothing." *Id*. at 3. Based on these arguments, Engram submits that he was at least entitled to an evidentiary hearing on his motion. *Id.* at 4.

First, the Court has reviewed Engram's initial filing and has found nothing in the document which would support his contention now that he was challenging the existence of probable cause to support the warrant, as distinct from the sufficiency of the no-knock designation. While it is

true the motion questions the general reliability of the confidential informant cited in the affidavit supporting the search warrant application, *see* Doc. #19 at 12, Engram never argued that, due to this unreliability, the affidavit was lacking in probable cause.[1]

Second, Engram is simply incorrect that the exclusionary rule may apply when a no-knock warrant application fails to establish justification for a no-knock entry. *See United States v. White*, 990 F.3d 488, 493 (6th Cir. 2021) ("Whether this affidavit sufficed to invoke the exception [for a no-knock warrant] is an open question. It will remain one. Even if the police violated the knock-and-announce rule, suppression is not the appropriate remedy."); *United States v. Rigaud*, 684 F.3d 169, 176 (1st Cir. 2012) (challenge to support for no-knock application would not justify suppression under exclusionary rule).

Finally, an evidentiary hearing is required on a motion to suppress only when the allegations, taken as true, would support suppression. *United States v. Smith*, 977 F.3d 431, 434 (5th Cir. 2020). Because, for the reasons above, Engram's allegations regarding the insufficiency of the warrant would not support suppression, a hearing was not, and is not, required. Engram's motion for reconsideration [29], therefore, is **DENIED**.

**SO ORDERED**, this 13th day of August, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] To the extent Engram intends to raise such an argument now, he must do so in a separate motion.